Mr.'Justice Smith
delivered the opinion of the court.
This was a proceeding by attachment in the circuit court of Warren county.
From the record the following facts appear. On the 26th of April, 1849, a writ of attachment was sued out at the instance of the appellants, from the office of a justice of the peace for said county, returnable to the October term of the circuit court. The writ was levied upon a certain slave, as the property of the appellee, and duly returned. Before the process was issued, bond was executed and affidavit made, pursuant to the directions of the statute in such cases. These were not returned and filed in the office of the clerk of the circuit court of said county, but were destroyed by fire on the 21st of September, preceding the return term of the writ, having been retained in his possession by the justice who issued it. At the October term, the defendant moved to quash the attachment, and assigned for causes the absence of the affidavit and bond. This motion was *630 sustained, and a judgment entered dismissing the attachment, from which an appeal was taken to this court.
The provisions of the statute, requiring an affidavit to be made stating the facts necessary to entitle a creditor to the remedy, by attachment, were designed to protect the alleged debtor against the assertion, in that mode, of vexatious or unfounded demands; as the bond which it is incumbent on the attaching creditor to execute, is intended to secure indemnity to the party who may, by that means, be wrongfully put to trouble and costs, or otherwise injured. It is the duty of the judge or justice, granting the attachment, to return the bond and affidavit to the proper court. This was intended as a further protection of the attached party. It was designed by this means, that the court might ascertain whether the statute had been complied with, and for the better preservation of evidence important to the party who might be damnified by a violation of the law.
In the case under examination, the attachment was regularly and legally issued. The conditions of the statute had been followed. The attaching creditors were not entitled to the custody of the bond and affidavit, and the law makes it the duty of the officer who issues the attachment to return them to the court. Hence, by their accidental'destruction, they were not put in default. It is true that the law requires the attachment, in case of failure to return the bond and affidavit, to be dismissed. But here an excuse is offered for the failure, in this instance, to comply with this direction of the statute. They were destroyed by an accident, which the attaching creditors could not have prevented, and in which they had no agency. They were not charged with the custody and safe keeping of these documents, and it would be in violation of the spirit of the statute, and extremely unjust, to hold them responsible for their production, or to make them the sufferers by such an occurrence, unless by refusing to quash the attachment for that cause a wrong or injury would result to the opposite party. The remedy of the defendant in the attachment on the bond, in case the attachment was illegally sued out, has not been lost or impaired by its destruction, as the destruction is no impediment to a recovery *631 upon it. 1 Greenl. Ev. § 509, 521; Newcomb v. Drummond, 4 Leigh, 57; Donaldson v. Winter, 1 Louis. R. 137; 12 Mass. R. 400.
The statute itself expressly requires, that its provisions shall be construed in the most “liberal manner for the advancement of justice and the benefit of creditors.” Hutch. Dig. 508, § 31. Hence, as the defendant was deprived of no right, and was not likely to be subjected to any loss, the court should have overruled the motion, especially as by pursuing the opposite course, the just demands of the attaching creditors might have been defeated.
Let the judgment be reversed, and the cause remanded for further proceedings.